## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

AVIS JAMES AND OSCAR JAMES,    )
On behalf of themselves and all others  )
similarly situated,    )
    )
          Plaintiffs,  )       Civil No. 2014-64
    )
vs.    )
    )
OSMOSE, INC.,    )
    )
          Defendant.  )
_____ )

## ORDER

This matter is before the Court on the following discovery motions: (1) plaintiffs' emergency motion to compel discovery responses [DE 34]; and (2) plaintiffs' motion to compel defendant to respond to deposition questions [DE 46].   Defendant opposed both motions [DE 41 and DE 52, respectively] and plaintiff filed a reply with respect to the motion to compel discovery responses.   [DE 50]. For the reasons that follow, the Court will deny both motions.

## I.    BACKGROUND

Plaintiffs, owners of property in the U.S. Virgin Islands, filed this putative class action on July 16, 2014, alleging that defects in the defendant's wood treatment products caused the wood in their homes and business to prematurely rot and to succumb to termite infestation.   Plaintiffs do not allege they purchased treatment products directly from Osmose; rather, they allege they bought wood from companies, in particular Great Southern Wood Preserving ("GSWP"), that treated that wood with Osmose's products.   Plaintiffs' claims sound in breach of contract, negligence, strict liability, intentional and negligent misrepresentation, and violations of the Virgin Islands Consumer Fraud laws.

*James v. Osmose*
Civil No. 2014-64
Page 2

On September 6, 2014, Osmose moved to dismiss the entire complaint for lack of personal jurisdiction over it.   Osmose argued it had no contacts with the U.S. Virgin Islands, relying on the affidavit of its Senior Vice President, Steven C. Reeder.   [DE 7-1].   Defendant also moved to dismiss selected counts for failure to state viable claims.   [DE 6].

On November 13, 2014, plaintiffs filed an opposition,[1] contending that defendant "knew or should have known" its products "would be used to treat wood sold throughout the United States and U.S. Virgin Islands."   Pls.' Opp. at 1 [DE 12].   Plaintiffs argued that "at a minimum jurisdictional discovery is warranted."   *Id.* at 2.   In support of alleged jurisdiction over Osmose, plaintiffs proffered excerpts of depositions of William Freeman, Jr., of GSWP, a seller and treater of wood products.   In these depositions, taken in other cases, Freeman testified that Osmose assisted GSWP with marketing, that GSWP is an Osmose licensee, that most of the treating product GSWP uses comes from Osmose, and that GSWP follows Osmose's recommendations when using its products.

On September 28, 2015, the District Court denied the motion to dismiss without prejudice. September 2015 Order [DE 16].   It found the Freeman testimony did not constitute evidence that Osmose "advertised in the territory or otherwise transacted business here," or that "Osmose engaged in any activity in the territory."   *Id.* at 12-13 [DE 16].   It also found a lack of evidence or allegation that Osmose derived substantial revenue from sales of its products that were used to treat wood that was eventually sold in the territory.   *Id.* at 13-14.[2]   After painstakingly discussing

---

[1]      Plaintiffs' original opposition was filed on November 11, 2014.   [DE 12].   The filing on November 13 was an amended opposition.

[2]      The Court noted that even though it had previously found GSWP received substantial revenue from its sale of wood, and that plaintiffs demonstrated that most of the chemicals used by GSWP were purchased from Osmose, "it does not necessarily follow, however, that Osmose derived substantial revenue from the treated wood sold in the Virgin Islands."   Order at n. 4 [DE 16].

each of the possible bases for jurisdiction over Osmose, the District Court ultimately concluded the plaintiffs had failed to make out a *prima facie* case for jurisdiction over Osmose.   It then acknowledged plaintiffs' request for jurisdictional discovery, but observed they did not delineate the areas for such discovery.   Nevertheless, the District Court found the allegations were "sufficient to permit discovery on (1) Osmose's involvement in advertising in the U.S. Virgin Islands; (2) Osmose's awareness of the sale of wood treated with its products in the U.S. Virgin Islands; and (3) the revenue Osmose has received from goods consumed in the U.S. Virgin Islands."   *Id.*   at 20-21.   The District Court then ordered that "jurisdictional discovery shall be permitted through November 6, 2015."[3]   *Id.* at 21.

On October 6, 2015, this Court met with the parties to plan for completion of the permitted discovery.   As memorialized in the Court's Order [DE 23] following the conference, "Plaintiffs propose[d] three depositions and limited written discovery directed to identifying names and obtaining certain financial information, and defendant provisionally agreed."   On October 9, 2015, plaintiffs served written discovery on defendant.   [DEs 25, 26, 27].[4]   On October 22, 2015, plaintiffs noticed three depositions [DEs 30-32], and on October 28, they noticed a fourth deposition.   [DE 33].   Also on October 28, 2015, plaintiffs filed their motion to compel defendant to supplement its discovery responses.   [DE 34].[5]

Plaintiffs took depositions of Osmose personnel on November 4 and 5, 2015.   *See* [DEs

---

[3]       The Court assumed the parties had engaged in discovery up to that point; in fact, plaintiffs had not sought any discovery whatsoever.

[4]       Defendant contends this discovery was actually served on it on October 10, 2015 [DE 34-2], a day after the date specified in the Order for service of such discovery.

[5]       The record is not clear as to when defendant responded to the discovery, but attached to plaintiffs' motion are letters dated October 26 [DE 34-1] and October 27, 2015 [DE 34-2], demonstrating the parties attempted to resolve the issues raised by the responses and addressed in the motion.   Defendant claims it responded to the discovery within 10 days of its receipt.   [DE 34-2].

46-1 and 46-2].   Per the District Court's Order, the discovery period ended on November 6, 2015.

On November 19, 2015, plaintiffs filed a motion to compel answers to deposition questions.   [DE

46].   Plaintiffs contend the deponents were improperly instructed not to answer a number of

deposition questions asked of them.   Defendant, for its part, contends that it put plaintiffs on

timely notice of its intent to enforce the scope limitations on discovery set by the District Court.

[DE 52].   It argues its instructions during the deposition either were to enforce those limitations

or to protect privileged information.   Neither party sought the assistance of the Court at any time

during the depositions to rule on or even discuss the propriety of areas of inquiry or instructions

not to answer or to limit answers.   Moreover, no party sought to extend the scope of discovery or

the November 6, 2015 deadline for completion set by the District Court.

## II.        DISCUSSION

### A.        Motion to Compel Discovery Responses

Plaintiffs seek to compel Osmose to respond to one request for admission (no. 5), and to

supplement responses to four interrogatories (nos. 3, 5, 6, 7) and 15 document requests (nos. 1-6,

9-14, 16-18).   Relying on Rule 26(b)(1) of the Federal Rules of Civil Procedure, plaintiffs argue

the information sought is "relevant" and they are entitled to it.   *See, e.g.,* Pls.' Mot. at 3 [DE 34].

Rule 26(b) (1) provides as follows:

> *Unless otherwise limited by court order*, the scope of discovery is as follows:
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to
> any party's claim or defense and proportional to the needs of the case, considering
> the importance of the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely benefit. Information within
> this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1) (emphasis added).   Plaintiffs conveniently ignore the initial clause and

the District Court's reliance thereon.    In particular, in its September 2015 Order, the District Court <u>limited the discovery</u> available to plaintiffs on jurisdictional issues to the following three items: "(1) Osmose's involvement in advertising in the U.S. Virgin Islands; (2) Osmose's awareness of the sale of wood treated with its products in the U.S. Virgin Islands; and (3) the revenue Osmose has received from goods consumed in the U.S. Virgin Islands."  *See* [DE 16 at 20-21].   The September 2015 Order further provided that if plaintiffs sought jurisdictional discovery on any other issue, they could petition the Court to expand the list.  *Id.* at 21.   Plaintiffs never petitioned to expand the list.   Yet, their motion to compel seeks unsuccessfully to do just that.

1.    Request to Admit

Plaintiffs seek an admission that Osmose "offers customized marketing services to its customers."   This request is not sufficiently limited to reach the areas the District Court permitted for discovery in its September 2015 Order.

2.    Interrogatories

Interrogatory No. 3 seeks the identity of "all entities (wood treaters) to which Osmose sold wood preservation products from 2005 to the present."   Plaintiffs contend this information is needed so that they can conduct further discovery into "whether those treaters exported to the Caribbean."   From there, they then would seek additional information regarding "Osmose [sic] knowledge of where in the Caribbean they exported, if Osmose has a restriction from exporting to the Virgin Islands, and the amount of income Osmose made from that business."   Given this explanation, this interrogatory is not limited enough, nor is it direct enough, to reach the information on which the District Court permitted discovery.

Interrogatory No. 5 asks for revenues Osmose received from sales of its products to GSWP at a particular plant from 2005 to the present.   Plaintiffs argue that this information would allow them to extrapolate – without explaining on what basis or by what methodology – a percentage of that revenue that could be attributable to wood that went to the Virgin Islands.   The presence of many variables in that possible extrapolation, argues defendant, makes too tenuous any connection between the information sought and the areas to be explored per the September 2015 Order.   The Court agrees.

Interrogatory No. 6 deals with requests for technical support provided to GSWP at its Jessup Plant from 2005 to the present.   Once again, the connection between this information and the areas to be discovered relative to jurisdiction is not apparent.

Interrogatory No. 7 asks Osmose to identify requests for "advertising support or customized marketing services" provided to GSWP or any other treatment company from 2005 to the present.   Again, this request is not sufficiently tailored to the areas of permitted inquiry.

3.   Document Requests

Plaintiffs requested the following documents:

- Any and all documents relating to complaints made to Osmose or received by Osmose related to its wood preservatives from 2005 to the present (Demand 1)

- Any and all documents related to Osmose's warranties covering the wood preservatives from 2005 to the present (Demands 2-4)

- All documents showing the identity of all entities Osmose sold its treatment products to from 2005 to the present (Demand 5)

- All communications between Osmose and others with respect to warranty or damage claims from 2005 to the present (Demand 6)

- All documents related to advertising or marketing from 2005 to the present (Demand 9)

- All documents related to the volume of product sold, by plant, between 2005 and the present (Demand 10)

- All documents relating to travel costs for Osmose employee travel to the Caribbean for business purposes from 2005 to the present (Demand 11)

- All documents related to monthly sales volumes between 2005 and the present (Demand 12)

- All financial documents related to sales to the GSWP Jessup Plant from 2005 to the present (Demand 13)

- All documents relating to areas of the United States and Caribbean where products were sold from 2005 to the present (Demand 14)

- All documents relating to communications between Osmose and GSWP relating to preservative, complaints, claims or litigation in the Caribbean from 2005 to the present (Demand 16)

- All documents related to employee inspections or investigations of wood claims in the Caribbean from 2005 to the present (Demand 17)

Setting aside issues of infringement on attorney client privilege or work product, plaintiffs have made no effort to tailor these requests so as to elicit in a reasonable manner the limited types of information the District Court authorized.   And, even where plaintiffs narrowed requests to some extent by location, they focused on the "Caribbean" generally, rather than the Virgin Islands. In no way do these requests focus on discovery of the types of contacts Osmose may have had with the forum to support the Court's exercise of jurisdiction over it.   The sheer breadth of these requests would be more suitable for discovery on the merits of the case, rather than to a determination on jurisdiction.   Accordingly, based on the record, including the District Court's prior findings, the Court will not compel Osmose to supplement its previous responses.

B.     Motion to Compel Responses to Deposition Questions

Federal Rule of Civil Procedure 30(c)(2) provides in part that a "party may instruct a deponent not to answer only when necessary to preserve a privilege, *to enforce a limitation ordered*

*James v. Osmose*
Civil No. 2014-64
Page 8

*by the court*, or to present a motion under Rule 30(d)(3)."   FED. R. CIV. P. 30(c)(2)(emphasis

supplied).   Further, it is well-accepted in this jurisdiction that, absent extenuating circumstances,

motions to compel discovery should be filed within the period allowed for discovery.[6]

As noted, the September 2015 Order directed the parties to complete jurisdictional

discovery by November 6, 2015.   The motion to compel further deposition testimony was not

filed until November 19, 2015, well after the deadline to complete discovery.   [DE 46].   Plaintiffs

did not seek this Court's assistance in resolving any issues during the depositions, nor did they seek

an extension to the discovery deadline.   Moreover, nowhere in plaintiffs' 13-page stream of

consciousness motion do plaintiffs attempt to set forth any extenuating circumstances that might

have justified this late filing.   Accordingly, the Court finds that this motion to compel is untimely.

Moreover, even if plaintiffs had timely filed the motion, the Court finds that in large part

the questions that drew instructions not to answer suffered from the same infirmities as the written

discovery requests discussed above.   That is, they were either outside the limited scope of

discovery authorized by the District Court, or they were directed to areas that would have impacted

attorney client privilege or work product protection.   Under these circumstances, and inasmuch

as Rule 30(c)(2) authorized them, the Court cannot conclude that the instructions not to answer

such questions were improper, or that plaintiffs should have another opportunity for such inquiries.

---

[6]        *See, e.g., Jiminez v. Pepsico Foods Caribbean*, 2011 U.S. Dist. LEXIS 116100, at *8-9 (D.V.I. Oct. 6, 2011);
*Wilson v. V.I. Water & Power Auth.*, 2010 U.S. Dist. LEXIS 60876, at *2 (D.V.I. June 18, 2010); *Clarke v. Marriot
Int'l, Inc.,* 2010 U.S. Dist. LEXIS 40813, *at 19-20 (D.V.I. Apr. 23, 2010) (collecting cases); *Mendez v. Puerto Rican
Int'l Cos*., 2010 U.S. Dist. LEXIS 12760, at *3-4 (D.V.I. Feb. 12, 2010); *Haase v. Gov't of the Virgin Islands*, 2009
U.S. Dist. LEXIS 23155, at *2-3 (D.V.I. Mar. 23, 2009).

*James v. Osmose*
Civil No. 2014-64
Page 9

### III.    CONCLUSION

Accordingly, the premises considered, it is hereby ORDERED that the motion to compel

discovery responses [DE 34] and the motion to compel further deposition testimony [DE 46] are

DENIED.


**Dated:** December 17, 2015

_____

**RUTH MILLER**
U.S. Magistrate Judge